SHEPHERD, Circuit Judge,
concurring in part and dissenting in part.
I concur with respect to sections I, II, and III of the majority’s opinion. I dissent with respect to sections IV and V, and with respect to the judgment, because I would follow the Fifth Circuit’s approach and hold that only damages awarded under 18 U.S.C. § 2259(b)(3)(F) are subject to a proximate cause requirement. See In re Amy Unknown, 701 F.3d 749, 752 (5th Cir.2012) (en banc). Consequently, I would grant Vicky’s petition for mandamus relief and remand for the district court to recalculate her losses.
I.
As the majority correctly explains, Vicky is entitled to mandamus relief if she can *724 show three things: (1) she has “no adequate alternative means to obtain relief,” (2) “the district court clearly and indisputably erred in the restitution amount it awarded her,” and (3) “the writ is appropriate.” Supra at 719-20 (citing Cheney v. U.S. Dist. Court for the Dist. of Columbia, 542 U.S. 367, 380-81, 124 S.Ct. 2576, 159 L.Ed.2d 459(2004)). I agree with the majority that the first element is satisfied here because mandamus is the only potential relief available to Vicky. See supra at 719-20. However, the majority goes on to conclude that Vicky is not entitled to a writ of mandamus because her “losses are not clearly and indisputably traceable to Fast’s crime.” Supra at 722-23. This is based on the majority’s conclusion that all losses under section 2259 are subject to a proximate cause requirement. See supra at 721-23. Because I disagree with this interpretation of the statute, I respectfully dissent.
A.
Section 2259 requires courts to order “the defendant to pay the victim ... the full amount of the victim’s losses.... ” 18 U.S.C. § 2259(b)(1). The statute defines “victim” as “the individual harmed as a result of a commission of a crime under this chapter....” 18 U.S.C. § 2259(c). The statute also provides:
For purposes of this subsection, the term “full amount of the victim’s losses” includes any costs incurred by the victim for—
(A) medical services relating to physical, psychiatric, or psychological care;
(B) physical and occupational therapy or rehabilitation;
(C) necessary transportation, temporary housing, and child care expenses;
(D) lost income;
(E) attorneys’ fees, as well as other costs incurred; and
(F)any other losses suffered by the victim as a proximate result of the offense.
18 U.S.C. § 2259(b)(3).
In In re Amy Unknown, the Fifth Circuit concluded that the plain language of section 2259 imposes a proximate cause requirement only on losses awarded under subsection (b)(3)(F). 701 F.3d at 762. The court reasoned that the rule of the last antecedent, a well-established rule of statutory construction, “instructs that ‘a limiting clause or phrase,’ such as the ‘proximate result’ phrase in § 2259(b)(3)(F), ‘should ordinarily be read as modifying only the noun or phrase that it immediately follows.’ ” Id. (quoting Barnhart v. Thomas, 540 U.S. 20, 26, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003)). Significantly, the Supreme Court applied the rule of the last antecedent in two recent cases. Id. at 764 (analyzing Barnhart, 540 U.S. 20, 124 S.Ct. 376 and Jama v. Immigration & Customs Enforcement, 543 U.S. 335, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005)). Because “[t]he structure and language of § 2259(b)(3) limit the phrase ‘suffered by the victim as a proximate result of the offense’ in § 2259(b)(3)(F) to the miscellaneous ‘other losses’ contained in that subsection,” and because there is “no ‘other indicia of meaning’ in the statute to suggest that the rule of the last antecedent does not apply here,” the court found that losses in subsections (A)-(E) are not subject to a proximate cause requirement. Id. at 762.
Thus, under the Fifth Circuit’s approach, as long as losses in subsections (A)(E) are incurred “as a result of a commission of a crime under this chapter,” § 2259(c), a district court must award victims “the full amount” of their losses under section 2259(b)(1), regardless of whether the defendant proximately caused *725 those losses. See In re Amy Unknown, 701 F.3d at 762. Only miscellaneous “other losses” are subject to a proximate cause requirement. Id.
This, of course, does not mean that the statute imposes no causal requirement at all. As explained above, section 2259 defines “victim” as “the individual harmed as a result of a commission of a crime under this chapter,” § 2259(c), and then requires courts to order restitution for “the full amount of the victim’s losses,” § 2259(b)(1). Thus, before a court can order restitution, it must determine that (1) the defendant committed a qualifying offense and (2) the person seeking restitution suffered harm as a result of that offense. See § 2259. To the extent that the harm resulting from the offense involves medical services, therapy or rehabilitation, transportation, temporary housing, child care, lost income, or attorneys’ fees and costs under subsections (A)-(E), a defendant must pay restitution for the full amount of those harms, regardless of whether the defendant proximately caused them. Congress likely chose not to impose a proximate cause requirement for these types of losses because proving proximate causation would be virtually impossible in many situations, thus leaving child victims without redress.
The concept of causation in cases under section 2259 admittedly is complicated. A defendant’s action is a “cause” of a victim’s injury if that action somehow contributed to the injury. See Black’s Law Dictionary 250 (9th ed. 2009) (defining “cause”). This general definition of cause is expansive. For example, a victim whose images have been made widely available through posting on the internet may incur significant counseling expenses to address psychological problems stemming from the knowledge that numerous[7] unknown people are viewing the images. Each individual defendant who views those images is a “cause” of that harm because, if no one viewed the images, the victim arguably would not have suffered that particular form of psychological harm. See In re Amy Unknown, 701 F.3d at 773 (“By possessing, receiving, and distributing child pornography, defendants collectively create the demand that fuels the creation of the abusive images. Thus, where a defendant is convicted of possessing, receiving, or distributing child pornography, a person is a victim under this definition if the images ... include those of that individual.”).
In contrast, “proximate cause” involves more of a policy judgment about whether a particular defendant’s action bears a sufficient causal relationship to an injury such that the law should hold the defendant liable for the injury. See Black’s Law Dictionary 250 (9th ed. 2009) (defining “proximate cause” and noting that “[s]ome boundary must be set to liability for the consequences of any act, upon the basis of some social idea of justice or policy” (internal quotation marks omitted)). On one end of the spectrum is the example above, where the victim’s psychological problems are “caused” by innumerable unknown defendants. In this situation, the causal link between a specific defendant’s conduct and the victim’s losses is more tenuous because it would be virtually impossible to show that the victim’s psychological trauma and attendant counseling expenses would have been any less had that individual defendant not viewed the images. In other words, it is unclear whether the victim could prove that an individual defendant *726 “proximately caused” his or her losses. Compare United States v. Aumais, 656 F.3d 147, 154 (2d Cir.2011) (finding no proximate cause when evidence showed defendant was one of many who viewed victim’s images, but victim “‘had no direct contact with [the defendant] nor even knew of his existence’ ”) and United States v. Kennedy, 643 F.3d 1251, 1264 (9th Cir.2011) (holding that while evidence which “showed only that [the defendant] participated in the audience of persons who viewed the images ... may be sufficient to establish that [the defendant’s] actions were one cause of the generalized harm” to the victims, “it is not sufficient to show that [the defendant was] a proximate cause of any particular losses”), with United States v. Kearney, 672 F.3d 81, 99 (1st Cir.2012) (“We reject the theory that the victim of child pornography could only show [proximate] causation if she focused on a specific defendant’s viewing and redistribution of her images and then attributed specific losses to that defendant’s actions.”) and United States v. Burgess, 684 F.3d 445, 459-60 (4th Cir.2012) (adopting First Circuit’s interpretation of proximate cause).
On the other end of the spectrum are losses such as attorney’s fees incurred in pursuing a restitution action against that defendant. Those losses bear a much closer causal relationship to the individual defendant’s conduct, and thus it would be much more likely that a victim could prove the defendant “proximately caused” those losses. See Gamble, Nos. 11-5394/5544, 709 F.3d at 554 (describing “litigation costs in connection with the particular defendant” as “proximately caused harms [that] are clearly traceable to a particular defendant”). Because I would hold that only miscellaneous other losses in subsection (F) are subject to a proximate cause requirement, and because the district court never addressed whether any of Vicky’s claimed losses fall under subsection (F), it would be premature for me to attempt to define the precise contours of “proximate cause” at this juncture.
Addressing causation, however, is only the first step that a court must take when crafting a restitution award. Concluding that a defendant caused a victim loss, either as a general “cause” with respect to losses in subsections (A)-(E) or as a “proximate cause” with respect to miscellaneous other losses in subsection (F), merely establishes that a court must enter a restitution order. The next step is for the court to determine the amount of the restitution order.
Section 2259(b)(1) clearly states that the restitution order must be for “the full amount of the victim’s losses.” Read in tandem -with subsection 2259(c), which defines “victim” as “the individual harmed as a result of a commission of a crime under this chapter,” the statute’s reference to “the full amount of the victim’s losses” is best understood as all losses the victim suffered as a result of the defendant’s crime under Title 18, Part I, Chapter 110: Sexual Exploitation and Other Abuse of Children. Applying normal common-law principles, where the losses stem from an indivisible injury, the defendant must be held jointly and severally liable for that injury. See Burgess, 684 F.3d at 461 (Gregory, J., concurring in part and dissenting in part). For example, if the hypothetical victim above has incurred a total of $500,000 in counseling expenses as a result of knowing that numerous unknown people are viewing his or her pornographic images, and the court makes a factual finding that his or her psychological trauma is an indivisible injury, then the district court must enter a restitution order for $500,000, even though the individual defendant is not the only person responsible for those losses. See id. If the court determines that some or all of the victim’s *727 injuries are divisible, then the court must apportion liability for those losses and enter a restitution order reflecting only the portion of those losses for which the defendant is individually responsible. See id An example of divisible losses might be attorney’s fees incurred in pursing a restitution action against a specific defendant. See Gamble, Nos. 11-5394/5544, 709 F.3d at 553-54.
In cases where a restitution order reflects joint and several liability, traditional joint and several liability principles would allow a defendant to bring contribution actions against other individuals who contributed to the victim’s losses. See In re Amy Unknown, 701 F.3d at 769-70 (citing 18 U.S.C. § 3664(h)).[8] These same principles would prevent victims from recouping more than “the full amount” of their losses since a defendant ordered to pay restitution could introduce evidence that the victim had already collected some or all of that restitution from a defendant in a different case. See id In some instances, defendants even may be able to obtain this evidence from the government, as it appears the government keeps track of at least some restitution awards. See Gamble, Nos. 11-5394/5544, 709 F.3d at 552 (“The Government ... has already assembled a database to keep abreast of .restitution awards to Vicky all over the country.”).
But regardless of how defendants can obtain information about other restitution awards, the fact that Congress drafted the statute to require defendants to reimburse victims for “the full amount” of their losses reflects the policy judgment that child victims should be fully compensated for their losses in the most efficient manner possible; defendants, rather than child victims, should bear the responsibility of filing additional lawsuits against other responsible parties in order to apportion responsibility among them. Cf. In re Amy Unknown, 701 F.3d at 760 (noting that section 2259 “reflects a broad restitutionary purpose”). Both Congress and the courts are familiar with this approach of shifting responsibility for apportionment to defendants, as this is essentially the same approach used in CERCLA litigation. See, e.g., Burlington N. and Santa Fe Ry. Co. v. United States, 556 U.S. 599, 614-15, 129 S.Ct. 1870, 173 L.Ed.2d 812 (2009). This interpretation not only reflects the plain language of the statute, but also embraces the sensible policy choice that the responsibility for potentially burdensome litigation should fall on people who commit crimes against children, rather than on those children.
Here, the district court calculated its restitution award based on two erroneous premises: (1) that restitution can be awarded only for losses that the defendant proximately caused and (2) that restitution awards cannot reflect joint and several liability. United States v. Fast, 876 F.Supp.2d 1087, 1088-89 (D.Neb.2012). Thus, Vicky has satisfied the second element of mandamus: that “the district court clearly and indisputably erred in the restitution amount it awarded her____” See supra at 720.
B.
The third and final element that Vicky must show to entitle her to mandamus *728 relief is that “the writ is appropriate.” See supra at 720. A writ of mandamus “is an extraordinary remedy that is available only to correct a clear abuse of discretion.” In re Apple, Inc., 602 F.3d 909, 911 (8th Cir.2010) (internal quotation marks omitted). “[A] clear error of law or clear error of judgment leading to a patently erroneous result may constitute a clear abuse of discretion.” Id. Here, Vicky submitted evidence that she incurred more than $1.2 million in losses as a result of her sexual abuse and the subsequent distribution of her images. The district court, however, awarded only $3,333 in restitution due to its erroneous conclusions that (1) restitution can be awarded only for losses that the defendant proximately caused and (2) restitution awards cannot reflect joint and several liability. Fast, 876 F.Supp.2d at 1088. Because the entire premise of the district court’s restitution calculation was erroneous, Vicky has shown “that the writ is appropriate under the circumstances.” See Cheney, 542 U.S. at 381, 124 S.Ct. 2576 (noting that this element is left to appellate court’s discretion); United States v. Frazier, 651 F.3d 899, 910 (8th Cir.2011) (remanding for recalculation of restitution amount when original amount was based on erroneous loss valuation method).
II.
Because Vicky has satisfied all three mandamus elements, I would grant her petition for mandamus. Consequently, I would remand for the district court to recalculate Vicky’s losses under section 2259(b)(3) and to enter a restitution order reflecting “the full amount” of her losses as required by section 2259(b)(1).

. According to the Sixth Circuit, approximately 300 defendants already have been convicted of possessing Vicky's images. United States v. Gamble, Nos. 11-5394/5544, 709 F.3d 541, 554 (6th Cir. Feb. 27, 2013).

. The majority concludes that section 3664(h) permits courts to impose joint and several liability only when there are multiple defendants in a single case. See supra at 723 n. 6. Section 3664(h) provides, “If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.” I agree with the Fifth Circuit that "nothing in § 3664 forbids” imposition of joint and several liability on defendants in separate cases. See In re Amy Unknown, 701 F.3d at 770.